IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MUNICIPALITY OF MONROEVILLE, TOWNSHIP OF EAST BRANDYWINE, and TOWNSHIP OF WEST BRADFORD, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> VERIZON PENNSYLVANIA LLC and VERIZON COMMUNICATIONS INC., <br><br> Defendants. | No.: _____ <br><br><br> CLASS ACTION COMPLAINT <br><br><br> JURY TRIAL DEMANDED |

## CLASS ACTION COMPLAINT

The Municipality of Monroeville ("Monroeville"), the Township of East Brandywine ("East Brandywine"), and the Township of West Bradford ("West Bradford") (collectively, the "Plaintiffs"), individually and on behalf of the class described below (the "Class"), bring this action against defendants Verizon Pennsylvania LLC ("Verizon PA"), and Verizon Communications Inc. ("Verizon") (collectively, the "Defendants") (i) to recover cable franchise fees wrongfully withheld by the Defendants from Plaintiffs and other similarly situated franchising authorities, (ii) for an accounting of all fees withheld, and (iii) for other declaratory relief. Plaintiffs demand a trial by jury of all issues so triable, and complain and allege as follows:

### INTRODUCTION AND NATURE OF THE ACTION

1. Cable operators such as Verizon need cable franchises from franchising authorities in order to provide cable service within the jurisdictions of the franchising authorities. In the typical franchise, the cable operator agrees to build and operate a cable system to provide

cable services within the jurisdiction of the franchising authority, and the franchising authority agrees to allow the cable operator to use the public rights-of-way to build and operate a cable system to provide cable services to residents of the franchising authority.  Section 622 of the Communications Act, as amended, 47 U.S.C. § 542, allows a franchising authority to assess a franchise fee of up to five percent (5%) of the cable operator's gross revenues derived from "the operation of the cable system to provide cable services" in the franchising authority's jurisdiction.

      2. Throughout its multi-state network of cable systems, Verizon enters into Cable Franchise Agreements with franchising authorities through its wholly-owned subsidiary-agents, including: Verizon California Inc.; Verizon Delaware LLC; Verizon Florida LLC; Verizon Maryland LLC; Verizon New England Inc.; Verizon New Jersey Inc.; Verizon New York Inc.; Verizon Pennsylvania LLC[1]  (hereinafter "Verizon PA"); GTE Southwest Incorporated (d/b/a Verizon Southwest); and Verizon Virginia LLC (collectively, the "Verizon State Subsidiary-Agents").

      3. As part of Verizon's multi-state network of cable systems, Plaintiffs entered into Cable Franchise Agreements with Verizon PA.  The Agreements require Verizon to pay the franchising authorities a franchise fee of five percent (5%) of annual gross revenue derived from the operation of Verizon's cable system within the franchising authorities' service areas.  The Agreements explicitly include "late payment fees" within the definition of "gross revenue."  Upon information and belief, Verizon, through its subsidiary-agents, enters into substantially the same Cable Franchise Agreement with franchising authorities in the other states in which Verizon operates cable systems.

---

[1] Formerly known as Verizon Pennsylvania Inc.

4. Verizon and its subsidiary-agents systematically underreport to the franchising authorities the late payment fees collected from Verizon's subscribers living in the franchising authorities' respective jurisdictions. As a result, Verizon and its subsidiary-agents systematically miscalculate and underpay the franchise fees due to the franchising authorities, including Plaintiffs.

5. Upon information and belief, Verizon manages the payment of the franchise fees to the franchising authorities, including the calculation of the payment amount, in a centralized manner.

6. Plaintiffs knew when they were contracting with Verizon PA that Verizon's cable television services are primarily managed, directed, and controlled by Verizon Communications Inc., and that by granting a cable franchise to a Verizon PA, the franchise authority was also granting the cable franchise to Verizon Communications Inc.

7. Plaintiffs bring the claims set forth below on behalf of a class of all similarly situated franchising authorities that, like Plaintiffs, granted a cable franchise to Verizon, through any of its subsidiary-agents, and were damaged as a result of Verizon's uniform practice of underreporting late fees received from subscribers and underpaying franchise fees on late payment fee revenues. Plaintiffs seek damages in the form of past due franchise fees on late payment fees, plus interest as provided for in the Agreement, plus an order enjoining Verizon from under-reporting late fees received from subscribers and under-paying franchise fees on late payment fees in the future, plus such other relief as to this Court seems proper.

## JURISDICTION AND VENUE

8. This Court has original jurisdiction over this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2). The amount in controversy exceeds $5,000,000 in the

aggregate, exclusive of interests and costs, and there are more than 100 members of the Class defined below, many of which are citizens of a different state than at least one of the Defendants. The named Plaintiffs are citizens of Pennsylvania. Defendant Verizon Communications Inc. is a citizen of Delaware, where it is incorporated, and New York, where its principal place of business is located.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) because both defendants reside in this District.

## PARTIES

10. The Municipality of Monroeville is a home rule municipality located in Allegheny County, Pennsylvania, with a population of approximately 28,386 people.

11. The Township of East Brandywine is a township of the second class located in Chester County, Pennsylvania, with a population of approximately 6,742 people.

12. The Township of West Bradford is a township in Chester County, Pennsylvania, with a population of approximately 12,376 people.

13. Verizon Pennsylvania LLC is a limited liability company formed under the laws of the state of Delaware with its registered address and principal place of business located at 1717 Arch Street, Philadelphia, PA 19103. Verizon Pennsylvania LLC is a wholly-owned subsidiary of Verizon Communications Inc. and at all relevant times acted as its agent.

14. Defendant Verizon Communications Inc. is incorporated in Delaware with its principal place of business located at 1095 Avenue of the Americas, New York, New York.

**FACTUAL BACKGROUND**

15. Under the Communications Act, cable system operators such as Verizon must obtain franchises from franchising authorities in order to provide cable service within the franchising authorities' borders.  47 U.S.C. § 541(b)(1).

16. Verizon, through its Verizon State Subsidiary-Agents, presently has cable franchises in at least twelve states, plus the District of Columbia.  In at least seven of those states (California, Connecticut, Florida, New Jersey, Rhode Island, Texas, and Virginia), plus the District of Columbia, the Verizon State Subsidiary-Agent operates under a single statewide franchise.  In at least five of those states (Delaware, Maryland, Massachusetts, New York and Pennsylvania), the Verizon State Subsidiary-Agent operates under multiple franchises received from individual municipalities or counties within the state.

17. On March 21, 2007, Plaintiff East Brandywine entered into a Cable Franchise Agreement with Verizon, through Verizon PA.

18. On November 13, 2007, Plaintiff Monroeville entered into a separate Cable Franchise Agreement with Verizon, through Verizon PA.

19. On August 8, 2006, Plaintiff West Bradford entered into a separate Cable Franchise Agreement with Verizon, through Verizon PA.

20. In all three Cable Franchise Agreements, Plaintiffs granted to Verizon the non-exclusive right to "own, construct, operate, and maintain a Cable System to provide Cable Services along the Public Rights-of-Way" within the franchise areas.

21. Paragraph 6.1 of the Monroeville, West Bradford, and East Brandywine Agreements require Verizon to pay a franchise fee of five percent (5%) of annual gross revenue to the municipalities.

22. Paragraph 1.14 of the Agreement between East Brandywine and Verizon defines "gross revenue" for the purpose of Verizon's calculation of franchise fees due to East Brandywine under the Agreement. Pursuant to this definition, "Gross Revenue" is "All revenue … which is derived by [Verizon] from the operation of the Cable System to provide Cable Service in the Service Area. Gross Revenue includes: …. (11) late payment fees …"

23. Similarly, Paragraph 1.20 of the Agreement between Monroeville and Verizon defines "gross revenue" as "All revenue … which is derived by [Verizon] or its Affiliates, from the operation of the Cable System to provide Cable Service in the Municipality, including: …. (17) late payment fees …"

24. Finally, Paragraph 1.18 of the Agreement between West Bradford and Verizon defines "gross revenue" as "All revenue … which is derived from [Verizon] from the operation of the Cable System to provide Cable Service in the Service Area. Gross Revenue includes …. (11) late payment fees…"

25. Despite the inclusion of "late payment fees" in the definition of "gross revenue" under the Agreements, Verizon and its subsidiary-agents systematically underreport to Plaintiffs the late payment fees collected from subscribers. As a result, Verizon systematically miscalculates and underpays the franchise fees due to Plaintiffs.

26. On information and belief, all of Verizon's franchises require Verizon to pay franchise fees on late payment fees received by Verizon from cable subscribers.

27. Under each franchise, Verizon also must periodically report Gross Revenue information to each franchising authority and remit the appropriate franchise fees, including franchise fees on late payment fees.

28. Plaintiffs received from Verizon quarterly "Franchise Fee Schedule/Reports" listing the revenue sources upon which the franchise fee is calculated and the total franchise fee due.

29. On information and belief, although the Franchise Fee Schedule/Reports are issued by Verizon PA to Plaintiffs, all of the relevant calculation and accounting of the franchise fees due to franchising authorities is conducted by Verizon (Verizon Communications Inc.).

30. On information and belief, Verizon has, as a matter of policy and/or regular practice, uniformly failed to properly account for late payment fees throughout its nationwide operations.

31. As a result of Verizon's aforementioned practice and policy, Verizon has for many years underreported and underpaid to Plaintiffs and the members of the Class the amounts of the franchise fees owed.

## CLASS ACTION ALLEGATIONS

32. Plaintiffs bring this action on their own behalf and, under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, on behalf of all members of the following class:

> All franchising authorities that have granted a cable franchise to Verizon, either directly or through one of the Verizon State Subisidiary-Agents (or any of their predecessors, divisions, subsidiaries and affiliates) that provides for the payment of franchise fees on late payment fees as part of Gross Revenues (the "Class").

33. The proposed Class is so numerous that joinder of all class members would be impractical. Publicly available information shows that Verizon has cable franchises in at least twelve States, plus the District of Columbia, providing cable services to more than a thousand franchising authorities. Defendants have copies of all franchise documents in their possession from which the identities and number of the Class members may be ascertained.

34. There are questions of law or fact common to the Class, including:

   (a) Whether Verizon systematically underreported to members of the Class late payment fees collected from subscribers over an extended period of time; and

   (b) Whether Verizon failed to pay franchise fees on late payment fees to the members of the Class.

35. Plaintiffs are members of the Class, and Plaintiffs' claims are typical of the claims of the members of the Class.

36. Plaintiffs will fairly and adequately protect the interests of the Class. Plaintiffs are franchising authorities that granted cable franchises to Verizon that provide for the payment of franchise fees on late payment fees. Plaintiffs' interests are coincident with, and not antagonistic to, those of the other members of the Class. Plaintiffs are represented by counsel who are competent and experienced in both the prosecution of complex class action litigation and cable franchise law.

37. The questions of law and fact common to the members of the Class predominate over any questions affecting only individual members.

38. The prosecution of separate actions by individual Class members would create a risk of inconsistent or varying adjudications, establishing incompatible standards of conduct for defendant.

39. A class action is superior to other methods for the fair and efficient adjudication of this controversy. Treatment as a class action will permit a large number of similarly situated persons to adjudicate their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Whatever difficulties may exist in the management of this case as a class action are greatly outweighed by the advantages of that procedure, including but not limited to, providing class

members with a method for redress of claims that might otherwise not warrant individual litigation.

## COUNT I – BREACH OF CONTRACT

40. Plaintiffs incorporate paragraphs 1 through 39 above.

41. Plaintiffs and each member of the Class granted to Verizon, through one of the Verizon State Subsidiary-Agents, a cable franchise under the Communications Act authorizing Verizon to construct, maintain, and operate a cable system within Plaintiffs' respective jurisdictions.

42. The franchises that Plaintiffs and each member of the Class granted to Verizon contractually obligated Verizon to pay franchise fees on late payment fees to Plaintiffs and each member of the Class.

43. Verizon underreported to Plaintiffs and each member of the Class late payment fees collected from subscribers in breach of the applicable franchises.

44. Verizon withheld from Plaintiffs and each member of the Class franchise fees on late payment fees in breach of the applicable franchises.

45. As a result of Verizon's breaches of the cable franchises, Plaintiffs and each member of the Class have been damaged in amounts which can be readily ascertained from the records of Verizon and the Verizon State Subsidiary-Agents.

## COUNT II – UNJUST ENRICHMENT

46. Plaintiffs incorporate herein paragraphs 1 through 45 above. Count II is pleaded against Verizon, in the alternative to Count I.

47. Plaintiffs and each Class member granted to Verizon, through the Verizon State Subsidiary-Agents, a cable franchise to construct, maintain, and operate a cable system within the respective jurisdictions.

48. Plaintiffs and each Class member granted such franchises to Verizon with the expectation that Verizon would pay franchise fees on late payment fees received by Verizon on cable service provided to subscribers within the respective jurisdictions.

49. Verizon accepted and retained the benefits of the cable franchises by, *inter alia,* collecting late payment fees without making full franchise fee payments to Plaintiffs and each Class member.

50. It is unjust under the circumstances for Verizon to receive, retain and enjoy the benefits of the cable franchises without payment in full of all the franchise fees on late payment fees which are due and owing.

51. As a result of Verizon's unjust enrichment, Plaintiffs and each member of the Class have been damaged in amounts which can be readily ascertained from the records of Defendant.

## COUNT III – ACCOUNTING

52. Plaintiffs incorporate herein paragraphs 1 through 51 above.

53. The Agreements between Plaintiffs and the Class Members and Verizon required Verizon to properly account for all late payment fees received and to include those late payment fees in the calculation of gross revenue, upon which the franchise fees due to Plaintiffs and the Class Members were based.

54. Upon information and belief, instead of paying Plaintiffs and the Class members the proper amount of franchise fees on late payment fees as required by the franchises, Verizon failed to account for all late payment fees received and Verizon retained these sums.

55. Plaintiffs demand a full accounting be made of all late payment fees on cable service received by Verizon. Such accounting should include, without limitation, the identities of the franchising authorities from which such payments were derived, the franchise documents between Verizon and each of the Class members, the dates and amounts of late payment fees received by Verizon within the jurisdiction of Plaintiffs and each member of the Class from the effective dates of the franchises to the present, and the dates and amounts of franchise fees paid on late payment fees to Plaintiffs and the members of the Class from the effective dates of the franchises to the present.

## JURY DEMAND

56. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs hereby demand a trial by jury of all issues so triable in this case.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that:

(a) The Court certify this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

(b) The Court award damages, including penalties and interest thereon, to Plaintiffs and the Class members compensating them for Verizon's breaches of the applicable franchises due to the under-reporting of late payment fees and under-payment of franchise fees on late payment fees;

   (c) The Court order a full accounting of all late fee revenue received by Verizon pertaining to cable service for Plaintiffs and all members of the Class on which Verizon withheld franchise fees on late payment fees, and

   (d) Plaintiffs and the members of the Class be awarded such other and further relief as the Court may be deem just under the circumstances.

Dated: August 20, 2015    By: /s/ Edwin J. Kilpela, Jr.

            Edwin J. Kilpela, Jr.
            ekilpela@carlsonlynch.com
            Gary F. Lynch
            glynch@carlsonlynch.com
            Jamisen A. Etzel
            jetzel@carlsonlynch.com
            CARLSON LYNCH SWEET & KILPELA, LLP
            1133 Penn Ave. 5th Floor
            Pittsburgh, PA 15222
            Tel.: (412) 322-9243
            Fax: (412) 231-0246

            Daniel S. Cohen (PA 46166)
            Natausha M. Horton (PA 312397)
            COHEN LAW GROUP
            1000 Gamma Drive, Suite 305
            Pittsburgh, PA 15238
            Tel.: (412) 447-0130
            Fax: (412) 447-0129

            Attorneys for Plaintiffs and the Proposed Class