IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

**MUNICIPALITY OF MONROEVILLE**, )
**TOWNSHIP OF EAST BRANDYWINE**, )
and **TOWNSHIP OF WEST BRADFORD**, on )
behalf of themselves and all others similarly )
situated, )
                                    )
            Plaintiffs, )
                                    )
            v. )   2:15cv1100
                                    )   **Electronic Filing**
**VERIZON PENNSYLVANIA LLC** and )
**VERIZON COMMUNICATIONS INC.**, )
                                    )
            Defendants. )

## **MEMORANDUM ORDER**

AND NOW, this 28th day of September, 2018, upon due consideration of plaintiff's motion to compel and the parties' submissions in conjunction therewith, IT IS ORDERED that [48] the motion be, and the same hereby is, granted. Defendant Verizon Communications, Inc. ("VCI"), shall designate adequate deponents for all of the topics listed in the Plaintiffs' Rule 30(b)(6) Notice Directed to VCI and for topics 5–9 of Plaintiffs' Second Rule 30(b)(6) Notice Directed to VCI. To the extent VCI is unable to designate adequate deponents it shall explain in detail why it cannot. VCI also shall respond in full to RFP Nos. 4, 6 and 7 of Plaintiffs' First Set of Requests for Production of Documents to VCI, RFP Nos. 8-20, 23 and 25 of Plaintiffs' Second Set of Requests for Production of Documents to VCI, and ROG No. 24 to Plaintiffs' Second Set of Interrogatories to VCI. Counsel shall work in good faith to narrow the scope of production pursuant to First Request No. 6.

Plaintiffs' Reply Brief persuasively sets forth the reasons why the discovery ordered above 1) is relevant to the matters currently at issue and 2) is not disproportionate or unduly burdensome given the nature and backdrop of this putative class action; the importance of the

information in resolving the claims, defenses and issues surrounding class certification; the parties' respective access to the information; and its benefit in that process when contrasted with the anticipated expense of compliance.

Moreover, the central components of defendant's opposition are unavailing. While the argument can be advanced that complete compliance with all discovery needed to calculate with precision the detailed mathematical damage calculations for each LFA that potentially is within the scope of the contemplated class for which plaintiff will seeks class certification was not within the scope of Phase I discovery, that argument is not a basis for avoiding the discovery plaintiffs currently seek. Phase I clearly authorized fact discovery on liability, which necessarily encompasses all elements of the breach of contract claim: the existence of a contract, breach of a duty, and the establishment of concrete remedial injury and/or calculable damages. The breach plaintiffs seek to establish is the underpayment of franchise fees, which, if established, would in itself reflect a form of damages. Limiting discovery in a manner that shields inquiry on two of the three elements of the claim cannot be objectively claimed as what was mandated by the court's order.

The Case Management Order likewise authorized discovery on class certification, which encompasses the clear identification of potential class members and the information needed to make competent assessments about whether plaintiffs share common and typical claims with potential class members that can meet the requirements for certification. Discovery calculated to inform these areas of inquiry clearly was authorized and self-shielding limitations on such discovery was not contemplated, let alone mandated.

Similarly, the court gave careful consideration to the separate corporate entity and the inability to establish an agency relationship defenses at the motion to dismiss stage. It determined at that juncture that those defenses do not shelter defendants as a matter of law from

the perceived intrusions which they resist through their opposition to the instant motion. Their reiteration of those defenses has not changed the court's assessment that the matter must proceed to encompass subsequent adjudications on the merits with regard to class certification and summary judgment. The completion of the ordered discovery is necessary to conduct these adjudications on the merits.

Finally, the contention that the discovery is somehow duplicative or unduly burdensome in light of the completed discovery is unconvincing. The principle that proffering an individual witness is not the equivalent of testimony from a Rule 30(b)(6) witness when it comes to binding a corporate entity and does not relieve the entity from complying with its discovery obligations is well established. And the gaps and equivocation highlighted by plaintiffs merely strengthen the need to comply with the outstanding areas in the First and Second Rule 30(b)(6) notices. The outstanding Requests for Production similarly are central to resolution of the issue of agency and related corporate entity defense (and the manner in which these issues will impact class certification) and compliance is mandated regardless of which way the substantive information tips the scale. Such discovery must be produced in order for the case to progress to the point where meaningful consideration can be given to those issues/defenses.

The court recognizes that the ordered discovery will require the parties to engage in significant undertakings. Status conferences with counsel will be scheduled to assist both sides in working through these undertakings.

s/David Stewart Cercone  
David Stewart Cercone  
Senior United States District Judge

cc: Edwin J. Kilpela, Esquire
Gary F. Lynch, Esquire
Jamisen A. Etzel, Esquire
Natausha M. Horton, Esquire
Michael F. Eichert, Esquire
Bruce C. Fox, Esquire
Andrew J. Horowitz, Esquire

(*Via CM/ECF Electronic Mail*)